IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kyron Shakeel Swaso, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 1:25-cv-1421-BHH |
| v. ) | |
| ) | **ORDER** |
| Folkston ICE Processing Center, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Kyron Shakeel Swaso's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C.

On May 15, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this matter because it does not appear that Petitioner is "in custody pursuant to the judgment of a State Court," as required by 28 U.S.C. § 2254. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge that this matter is not properly brought pursuant to § 2254. **Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 21), and the Court summarily dismisses this matter.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 16, 2025
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable

jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).

      Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Accordingly, the Court declines to issue a certificate of appealability.